IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLEOTTIS GILCREAST, | ) | |
| | ) | CASE NO. 5:13CV1357 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| JASON BUNTING, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Cleottis Gilcreast ("Petitioner" or "Gilcreast") brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  Doc. 1.  Gilcreast is detained at the Marion Correctional Institution, having pled guilty to domestic violence in the Summit County, Ohio, Court of Common Pleas.  Doc. 10-1, p. 8.[1]  *State v.Gilcreast*, Case No. CR-08-08-2564-A (Summit Cty. Common Pleas Ct. filed October 30, 2008).  On December 3, 2008, the trial court sentenced Gilcreast to four years in prison, suspended his prison sentence, and imposed two years of community control.  Doc. 10-1, pp. 9-10.  Gilcreast reoffended and, in an order entered on July 6, 2010, the trial court revoked community control and executed his four-year sentence.  Doc. 10-1, p. 12.

On June 20, 2013, Gilcreast filed his Petition for Writ of Habeas Corpus setting forth three grounds for relief.  Doc. 1, pp. 5-8.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  As set forth more fully below, Gilcreast's grounds are time-barred.  Thus, the undersigned recommends that Gilcreast's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED**.

---

[1]  Doc. page citations are to ECF Doc. page numbers.

## I.  Background

### A.  State Trial Court

On August 12, 2008, a Summit County Grand Jury indicted Gilcreast on two counts of domestic violence, R.C. § 2919.23(A) & (C).  Doc. 10-1, pp. 5-6.  Gilcreast, through counsel, pled not guilty to the charges.  Doc. 10-1, p. 7.  Following plea negotiations, Gilcreast, through counsel, pled guilty to count one of the indictment; per the plea agreement, count two was dismissed. Doc.10-1, p. 8.  The trial court accepted the guilty plea and scheduled a sentencing hearing.  Doc.10-1, p. 8.  On December 3, 2008, the trial court sentenced Gilcreast to four years in prison, suspended his prison sentence, and imposed two years of community control.  Doc. 10-1, pp. 9-10.  Gilcreast did not file an appeal.

On May 13, 2009, prior to the expiration of his community control, Gilcreast reoffended.  Doc. 10-1, p. 11.  New criminal charges were brought against him in Summit County, Case No. 2009-05-1492.  Doc. 10-1, p. 137.  As a result of his conviction in Case No. 2009-05-1492, the trial court found Gilcreast guilty of violating community control in Case No. 2008-08-2564 and, in an order dated July 6, 2010, revoked community control and executed his four-year prison sentence.  Doc. 10-1, p. 12.  The court also sentenced Gilcreast to post-release control for a period of three years.  Doc. 10-1, p. 12.  The court ordered the sentence to be served consecutively to the four-year prison sentence Gilcreast received in his new case, No. 1492, for a total of eight years in prison.  Doc. 10-1, p. 12.  Gilcreast did not appeal.[2]

### B.  State Habeas Petition

---

[2]  Gilcreast did appeal his conviction in Case No. 2009-05-1492.  *See*
http://www.cpclerk.co.summit.oh.us/Dockets.asp?CaseID=C2009051492&CT=&Suffix= (Notice of Appeal 7/23/2010) (last visited 5/19/2015).

On December 5, 2011, Gilcreast, proceeding *pro se*, filed a state habeas petition in the Marion County, Ohio, Court of Common Pleas.  Doc. 10-1, p. 13.   He presented the following assignments of error:

> 1.  The Petitioner's maximum sentence in Case No. 2009-05-1492 allowed by law has been served thus continued imprisonment by the Warden is unlawful and violates substantive and procedural due process via the 14th Amend. U.S.C.A. constituting cruel and unusual punishment barred by the 8th Amend. U.S.C.A.
>
> 2.  The Summit County Common Pleas Court Case No. CR-08-08-2564 sentence is void imprisonment by the Warden on [sic] sentence violates fundamental fairness and substantive and procedural due process rights to liberty without the equal protection of the law, such imprisonment violates cruel and unusual punishment clause of the 8th Amend. U.S.C.A. and 14 Amend. U.S.C.A. mandates.

Doc. 10-1, pp. 14, 16.  On December 12, 2011, the trial court dismissed the petition, stating, "habeas corpus is not a proper method for challenging the sentence rendered in the Petitioner's criminal case."  Doc. 10-1, p. 32.

On January 12, 2012, Gilcreast filed a Notice of Appeal.  Doc. 10-1, p. 33.  On February 1, 2012, the Marion County Court of Appeals, Third Appellate District of Ohio, *sua sponte* dismissed Gilcreast's petition as untimely filed.  Doc. 10-1, pp. 36-37.

On March 6, 2012, Gilcreast appealed to the Ohio Supreme Court.  Doc. 10-1, pp. 38-39. He raised the same propositions of law as above.  Doc. 10-1, p. 41.  On May 23, 2012, the Ohio Supreme Court declined review and dismissed the appeal as not involving any substantial constitutional question.  Doc. 10-1, p. 50.

**C.  Delayed Direct Appeal**

On May 1, 2012, Gilcreast, *pro se*, filed a motion for leave to file a delayed appeal and a notice of delayed appeal of the trial court's July 2010 judgment entry, in the Ninth District Court of Appeals, Summit County.  Doc. 10-1, pp. 51, 56.  On May 7, 2012, the state Court of Appeals denied Gilcreast's motion for delayed appeal and dismissed the appeal.  Doc. 10-1, p. 58.  On

May 16, 2012, Gilcreast, *pro se*, filed an application for reconsideration (Doc. 10-1, p. 59), which the state Court of Appeals denied on May 25, 2012.  Doc. 10-1, p. 62.

On June 20, 2012, Gilcreast, *pro se*, filed a notice of appeal to the Ohio Supreme Court. Doc. 10-1, p. 62.   In his memorandum in support of jurisdiction, he raised the following proposition of law:

> 1.  The appellant has been unconstitutionally denied his fundamental right to appeal in violation of the United States Constitution Amendments 1st, 5th, 6th, 14th, in[]conjunction with Ohio Constitution Article I §§ 1, 2, 16.

Doc. 10-1. p. 66.  On September 5, 2012, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  Doc. 10-1, p. 75.

### D.  Postconviction Proceedings

On January 20, 2012, Gilcreast, *pro se*, filed a "Motion to Correct Void Sentence" in the trial court.  Doc. 10-1, p. 76.  On March 25, 2013, the trial court overruled Gilcreast's motion. Doc. 10-1, p. 85.  On April 8, 2013, Gilcreast appealed.  Doc. 10-1, p. 86.

On September 20, 2012, Gilcreast, *pro se*, filed a petition for postconviction relief requesting a hearing and resentencing.  Doc. 10-1, p. 88.  On September 27, 2012, the trial court denied Gilcreast's motion for evidentiary hearing.  Doc. 10-1, p. 92.

On December 7, 2012, Gilcreast, *pro se*, filed a "Motion for Sentencing for Purposes of Direct Appeal" asserting that his sentence was void because the trial court violated Ohio Crim. R. 32.  Doc. 10-1, p. 97.  On January 8, 2013, the trial court denied Gilcreast's motion.  Doc. 10-1, p. 98.  On February 11, 2013, Gilcreast filed an "Amended Notice of Appeal" with the Ohio Court of Appeals, appealing the trial court's January 8th order.  Doc. 10-1, p. 102.  On February 21, 2013, the trial court denied Gilcreat's motion to appeal the court's January 8th order.  Doc. 10-1, p. 99.  On March 8, 2013, Gilcreast filed a notice of appeal with the Ohio Court of Appeals, appealing the trial court's February 21st order.  Doc. 10-1, p. 100.  On March 28, 2013,

he filed another amended notice of appeal of the court's February 21st order.  Doc. 10-1, p. 106.
On May 29, 2013, the state Court of Appeals dismissed Gilcrest's appeal because he failed to file
a brief.  Doc. 10-1, p. 108.

On June 12, 2013, Gilcreast filed a motion to consolidate his collateral appeals.  Doc. 10-
1, p. 109.  On July 1, 2013, the state Court of Appeals denied his motion to consolidate and
dismissed each appeal because he failed to file a brief.  Doc. 10-1, p. 113.

### E.  Ohio Supreme Court

Although not part of the record, the Ohio Supreme Court's docket indicates that Gilcreast
filed a Complaint in Mandamus/Prohibition/Procedendo on March 18, 2013.  *See*
http://www.supremecourt.ohio.gov/Clerk/ecms/resultsbycasenumber.asp?type=3&year=2013&n
umber=0434&myPage=searchbycasenumber%2Easp (last visited 5/19/2015).  The state filed a
motion to dismiss, which the Ohio Supreme Court granted.  *Id.*

### F. Federal Habeas Petition

On June 10, 2013, Gilcreast, *pro se*, filed a Petition for a Writ of Habeas Corpus.  Doc. 1.
He listed the following grounds for relief:

> **Ground One:** Petitioner was denied the Effective Assistan[ce] of Appellate Counsel in
> violation of his 1st, 5th, 6th, 14th Amendments United States Constitution.
>
> **Ground Two**: The Summit County Common Pleas Court Case No. CR- 08-08-2564
> sentence expired is void imprisonment by warden on [sic] sentence violates fundamental
> fairness, substantive an[d] procedural due process rights to liberty without equal
> protection of law, such imprisonment violates cruel & unusual punishment of 8th, 14th
> Amends. U.S.C.A.
>
> **Ground Three**: Petitioner was denied the fundamental right to Appeal the Void sentence
> where as here the appellate counsel le[]d the Petitioner to belie[ve] he'd filed an[] appeal
> in Case No. CR-08-08-2564, and Court of Appeals Denied his Motion for Delayed
> Appeal of his Void Sentence, denied 1st, 5th, 14th Amends. U.S.C.A.

Doc. 1, pp. 5-8.[3]  Respondent filed a Return of Writ (Doc. 10) and a Supplemental Return of Writ (Doc. 22).  Gilcreast filed a Traverse (Doc. 30), Motion for Appointment of Counsel (Doc. 31), and a Motion for an Evidentiary Hearing (Doc. 33).  Respondent opposes Gilcreast's motions and argues that his Petition is time-barred, his grounds are procedurally defaulted, and that they fail on the merits.  Docs. 32, 34, 10, 22.

## II. Law and Analysis

### A.  AEDPA Statute of Limitations

Respondent contends that Gilcreast's habeas petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus and provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of—
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[3]  Gilcreast also filed a federal habeas petition with respect to Case No. 2009-05-1492.  *See Gilcreast v. Bunting*, Case No. 5:13-cv-1673.

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts.  *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).  This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

"An application for post-conviction or other collateral review is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery."  *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (citing *Artuz v. Bennett*, 531 U.S. 4, 8-10 (2000)).  A post-conviction petition deemed untimely pursuant to Ohio law is not "properly filed" and, therefore, does not toll the statute of limitations.  *Id.* at 771-772.

### B. Gilcreast's Petition is Barred by the One-Year Statute of Limitations

The one-year statute of limitations began to run when Gilcreast's case became final.  28 U.S.C. § 2244(d)(1)(A).  Respondent submits that the limitations period began to run from the trial court's judgment entry of conviction and sentence filed on December 5, 2008, which suspended Gilcreast's prison sentence and imposed two years of community control, and not from the trial court's judgment entry filed on July 6, 2010, which revoked his community control and imposed a four-year prison sentence.  The Court need not decide which judgment began the running of the limitations period because, even assuming the later date, the statute of limitations bars Gilcreast's Petition.

The trial court revoked Gilcreast's community control and imposed a four-year prison sentence on July 6, 2010.  Thereafter, Gilcreast had thirty days, until August 6, 2010, to file an appeal.  *See* Ohio App. R. 4 (a party who wishes to appeal a final order shall do so within thirty days).  As stated above, Gilcreast did not file an appeal in Case No. 2008-08-2564.  Therefore, absent the application of any tolling provisions, Gilcreast had one year from that date, until August 6, 2011, to file his federal habeas petition. Gilcreast filed his federal habeas petition almost two years later, on June 20, 2013, well over the statutory period for filing a federal habeas petition.

Although Gilcreast filed numerous motions and petitions in state court, these filings did not toll the statute of limitations because they were filed after the limitations period had already expired.  *See Vroman*, 346 F.3d at 602 (upon the expiration of the limitations period, a state collateral petition will not toll the statute of limitations per § 2244(d)(2)).

To the extent Gilcreast makes an argument that the limitations period should begin to run later pursuant to § 2244(d)(1)(D), such an argument is belied by his own filings.  Under § 2244(d)(1)(D), the limitations period  begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Gilcreast claims that he did not know that his appellate counsel in Case No. 2009-05-1492 did not appeal the trial court's revocation of community control and imposition of sentence in Case No. 08-08-2564.  Doc. 1, p. 14.  He submits that he only found out when the Ohio Court of Appeals affirmed the trial court's judgment in Case No. 2009-05-1492, on June 15, 2011.  Doc. 1, p. 14.

However, Gilcreast attaches to his motion for evidentiary hearing correspondence from the state public defender's office, dated August 26, 2010, stating, "it does not appear that you have appealed the trial court's decision to revoke the community control sanctions that were

imposed against you in your 2008 case.  The deadline for filing a notice of appeal regarding that revocation has expired.  Accordingly, if you wish to appeal that matter, you will need to file a motion for leave to file a delayed appeal.  This should be brought to your attorney's attention immediately."  Doc. 33-1, pp. 1-2.  And in a letter to Gilcreast from  his appellate attorney in Case No. 2009-05-1492,  dated November 26, 2010, counsel stated that he did not appeal the community control revocation, explaining that he was only appointed to represent Gilcreast in Case No. 2009-05-1492 and not Case No. 08-08-2564.  Doc. 33-1, p. 4.[4]  Thus, Gilcreast cannot show that, despite due diligence, he was only able to discover that his appellate attorney did not appeal his community control revocation when the state Court of Appeals issued its decision in June 2011.  *See* § 2244(d)(1)(D).

### C. Gilcreast is Not Entitled to Equitable Tolling

Gilcreast is unable to demonstrate that he is entitled to equitable tolling.  A petitioner is entitled to equitable tolling when he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his habeas petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The petitioner bears the burden of establishing entitlement.  *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Here, Gilcreast was not diligent in pursuing his claims. He did not appeal his conviction and suspended sentence in Case No. 08-08-2564, explaining that he was not given notice of a right to appeal and also that it would be "illogical" to appeal a suspended sentence, "having just dodged a bullet of incarceration."  Doc. 30, p. 4.  And, despite appellate counsel in Case No. 2009-05-1492 allegedly "promis[ing]" to raise a challenge to the trial court's revocation of

---

[4]  The attorney advised Gilcreast that he should seek redress by filing a motion with the Summit County Court of Common Pleas in Case No. 08-08-2564.  Doc. 33-1, p. 4.  The next filing Gilcreast made was more than one year later, a state habeas petition in the Marion County Court of Common Pleas.  Doc. 10-1, p. 13.

community control in Case No. 08-08-2564, Gilcreast was informed that, in fact, appellate counsel had not raised this claim.  Doc. 33-1.  Correspondence presented by Gilcreast shows the public defender's office and his appellate counsel urging him to act quickly to remedy the lack of appeal and instructing him how to do it; Gilcreast did nothing for over one year.  *See* Doc. 33-1, p. 2 (advising that Gilcreast file a motion for delayed appeal "promptly" and attaching a "Pro Se Delayed Appeal Packet"); Doc. 33-1, p. 4 (advising Gilcreast to file a motion in the trial court in Case No. 08-08-2564 and enclosing cases to assist him).  Furthermore, Gilcreast's postconviction proceedings in state court were dismissed because he failed to file briefs in support.  Doc. 10-1, p. 108, 113.  Thus, Gilcreast has not acted diligently in pursuing his rights; nor has some extraordinary circumstance prevented him from timely filing his habeas petition. *See Holland*, 560 U.S. at 649.  His argument that he is untrained in law and, therefore, became "solely reliant upon the assistance of inmate law clerks" (Doc. 30, p. 2) is unavailing.  *See Griffin*, 399 F.3d at 637 (ignorance of law is not a basis for equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (petitioner's lack of legal training or education does not entitle him to tolling).

In sum, Gilcreast's Petition is time-barred and he is not entitled to equitable tolling. Accordingly, the undersigned recommends that his Petition be dismissed.

### III. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Petitioner's habeas

petition should be **DISMISSED** as time-barred.  The undersigned also **DENIES** Gilcreast's

motions for appointment of counsel (Doc. 31) and an evidentiary hearing (Doc. 33).


Dated: May 19, 2015

Kathleen B. Burke
United States Magistrate Judge



### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir.
1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).