UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CLEOTTIS GILCREAST,** ) | CASE NO.  5:13 CV 1357 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **JASON BUNTING, WARDEN,** ) | |
| ) | |
| Defendant. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kathleen B. Burke.  (**Doc #: 35** (hereafter, the "R&R").)  Magistrate Judge Burke recommends that the Court dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *Pro Se* Petitioner Cleottis Gilcreast.  (**Doc #: 1** (hereafter, the "Petition" or "§ 2254 Petition").)  Gilcreast filed timely Objections to the R&R.  (**Doc #: 37**.)  For the reasons set forth below, the Court overrules Gilcreast's Objections and denies his § 2254 Petition.

**I.**

Cleottis Gilcreast, representing himself, has filed a Petition under 28 U.S.C. § 2254 arising from his 2008 guilty plea to one count of domestic violence in the Summit County, Ohio, Court of Common Pleas.  In his Petition, Gilcreast raises the following three grounds for relief:

**GROUND ONE**:  Petitioner was denied the Effective Assistan[ce] of Appellate Counsel in violation of 1st, 5th, 6th, 14th Amendments [sic] United States Constitution.

**GROUND TWO**:  The Summit County Common Pleas Court Case No. CR-08-08-2564 sentence expired is void imprisonment by warden on [sic] sentence violates fundamental fairness, substantive an[d] procedural due process rights to liberty without equal protection of law, such imprisonment violates cruel & unusual punishment of 8th, 14th Amends.  U.S.C.A.

> **GROUND THREE**: Petitioner was denied the fundamental right to Appeal the Void sentence where as here the appellate counsel le[]d the Petitioner to belie[ve] he'd filed an[] appeal in Case No. CR-08-08-2564, and Court of Appeals Denied his Motion for Delayed Appeal of his Void Sentence, denied 1st, 5th, 14th Amends. U.S.C.A.

In the R&R, the Magistrate Judge recommends dismissing Gilcreast's § 2254 Petition as time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In arriving at this conclusion, the Magistrate Judge notes that Gilcreast waited almost two years after the statute of limitations had passed before filing a federal habeas petition, and found that Gilcreast's state petitions "did not toll the statute of limitations because they were filed after the limitations period had already expired." (R&R at 8.)

After making this determination, the Magistrate Judge considered whether Gilcreast should be entitled to equitable tolling. "A petitioner is entitled to equitable tolling when he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his habeas petition." (R&R at 9) (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation omitted)). The record shows that counsel informed Gilcreast to act with urgency in appealing the trial court's revocation of community control and execution of his four-year sentence.[1] (Doc #: 33-1, 1-4.) The Magistrate Judge notes that: (1) Gilcreast failed to follow counsel's advice and "did nothing for over a year," and (2) "Gilcreast's postconviction proceedings in state court were dismissed because he failed to file briefs in support." (R&R at 10.) The Magistrate Judge found that Gilcreast did not pursue his rights diligently and, thus, is not entitled to equitable tolling.

---

[1] The state public defender wrote to Gilcreast that it did "not appear" the trial court's decision to revoke the community control sanctions had been appealed, stating, "This should be brought to your attorney's attention immediately." (Doc #33-1 at 2.) Additionally, Gilcreast's appellate attorney in Case No. 2009-05-1492 informed Gilcreast that he had not appealed the community control violation because he was not assigned to that case and advised Gilcreast to file a motion on the issue. (Id. at 4.)

In his Objections, Gilcreast argues that "the sentencing court lacked the jurisdiction on July 6, 2010 to impose a 4 year sentence having not specifically informed him on December 5, 2008 that the court would impose a 4 year sentence if he violated his community control as required by law in [*State v. Brooks*]." (Doc #: 37 at 2.)  Gilcreast's objection is not sufficient to overcome his failure to comply with the statute of limitations.  Moreover, Gilcreast misconstrues *State v. Brooks,* which does not stand for his jurisdictional challenge.  103 Ohio St.3d 134, 141 (2004) (holding that "a trial court sentencing an offender to community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.").

Even if this jurisdictional challenge were relevant, § 2254 provides relief only to prisoners whose state-court convictions violate clearly established *federal* law "as determined by the Supreme Court of the United States."  *Dewald v. Wriggelsworth*, 748 F.3d 295, 298 (6th Cir. 2014) (citing 28 U.S.C. § 2254) (emphasis added)).  Gilcreast's habeas petition fails this standard because he does not raise a federal constitutional violation.

## II.

Based on the foregoing, the Court **OVERRULES** Gilcreast's objections **(Doc #: 37), ADOPTS** the Magistrate Judge's R&R **(Doc #: 35)**, and **DENIES** the § 2254 Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     July 8, 2015*
**Dan Aaron Polster**
**United States District Judge**