UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CLEOTTIS GILCREAST,** ) | CASE NO.  5:13 CV 1357 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | <u>OPINION AND ORDER</u> |
| ) | |
| **JASON BUNTING, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

This case is before the Court on Petitioner Cleottis Gilcreast's Motion for the Relief from Judgement.  (**Doc #: 40**.)   In his § 2254 Petition, Gilcreast basically argued that his sentence to four years in prison following the violation of his community control sanctions was void *ab initio* based on *State v. Brooks*, 103 Ohio St.3d 134 (2004) – thereby violating a panoply of constitutional rights and rendering counsel's assistance during and following plea negotiations ineffective.  (Doc #: 1.)  In a Report and Recommendation ("R&R"), the Magistrate Judge recommended that Gilcreast's § 2254 habeas petition be dismissed as time-barred.  (Doc #: 35.)

In his Objections, Gilcreast noted that the Magistrate Judge ignored his argument that the sentencing court lacked jurisdiction to sentence him to a prison term, and Gilcreast ignored the Magistrate Judge's conclusion that his claims were time-barred.  (Doc #: 37.)  On July 8, 2015, this Court issued an Opinion and Order in which it agreed with the Magistrate Judge that Gilcreast's claims were time-barred.  (Doc #: 38.)  The Court also stated:

> Gilcreast misconstrues *State v. Brooks,* which does not stand for his jurisdictional challenge.  103 Ohio St.3d 134, 141 (2004) (holding that "a trial court sentencing an offender to community control sanction must, at the time of the sentencing,

> notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.").
>
> Even if this jurisdictional challenge were relevant, § 2254 provides relief only to prisoners whose state-court convictions violate clearly established *federal* law "as determined by the Supreme Court of the United States." *Dewald v. Wriggelsworth*, 748 F.3d 295, 298 (6th Cir. 2014) (citing 28 U.S.C. § 2254) (emphasis added)). Gilcreast's habeas petition fails this standard because he does not raise a federal constitutional violation.

(Id. at 3.) Accordingly, the Court overruled Gilcreast's Objections, adopted the R&R, and denied his § 2254 Petition. (Id.)

Gilbert now uses this third opportunity to raise the same issues which the Court previously addressed. For the same reasons, the pending Motion is denied.

The Court notes in passing that in *Brooks*, the Ohio Supreme Court addressed a conflict between state appeals courts on how to read two Ohio sentencing statutes (O.R.C. §§ 2929.19(B)(5)[1] and § 2929.15(B)) *in pari materia*. Again, the violation of state sentencing statutes does not constitute a violation of clearly established federal law as determined by the U.S. Supreme Court. As Gilcreast sat on his alleged constitutional rights well past the statute of limitations, his claims are time-barred and his Motion (**Doc #: 40**) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     July 29, 2015*
**Dan Aaron Polster**
**United States District Judge**

---

[1]This section was later moved to O.R.C. § 2929.19(B)(4).